United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

SYLVESTER MOORE,

Defendant.

Case No.: CR-11-0905 SBA-2

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Sylvester Moore is charged in an indictment with violations of 18 U.S.C. § 1915(a) (conspiracy to interfere with commerce by robbery and extortion), 18 U.S.C. § 2113(a) and (d) (armed bank robbery), 18 U.S.C. § 2 (aiding and abetting), and 18 U.S.C. §981(a)(1)(C) and 21 U.S.C. § 2461(c) (forfeiture).

Having previously waived his right to a detention hearing without prejudice on March 12, 2012, and being detained by the Honorable Magistrate Judge Laurel Beeler since then, Defendant requested a detention hearing to be held on March 28, 2013. Pretrial Services prepared a full bail study and an addendum bail study, and recommended that Defendant be detained. On March 28, 2013, the Court conducted the detention hearing. Defendant was present, in custody, and represented by attorney Paul Francois Demeester. Assistant United States Attorney Christina McCall appeared on behalf of the Government. For the reasons stated below, the Court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its

burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno,* 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

///

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

The indictment alleges that Defendant and two co-defendants robbed two banks. At the first bank, the defendants are alleged to have displayed a gun to the employees of the bank.

The nature and circumstances of the offense weigh in favor of detention. At the hearing, the government proffered that Defendant was on the phone with a codefendant the entire time that the codefendant was inside the bank committing the robbery. Although Defendant did not personally brandish a gun, he actively participated in the crime and helped his codefendant use the gun to commit the robbery. This shows that he poses a danger to the community. The indictment does not contain facts that assist the Court in determining the weight of the evidence, but it is the least important factor in the analysis.

**B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 37 years old. He was born in Illinois and has spent most of his life in the greater bay area. His parents live in Vacaville, California, and Chicago, Illinois. He does not have a passport and has no history of international travel. Defendant has lived in a home owned by his parents in Vacaville for the last ten years.

He has been married to Maria Moore since 2007 or 2008. Defendant stated that he does not have children, but his mother and wife stated that he has two children with whom he does not maintain regular contact.

Defendant graduated from high school in 1992, and attended Diablo Valley College from 2009-2010. Defendant has been unemployed since 2009. Before that, he worked as a driver for FedEx, as a roofer, and at Marine World. He was in the Army National Guard from 1992 to 1994. His mother and wife said that Defendant does odd jobs in gardening.

Defendant stated that he does not use illicit substances. His mother stated that Defendant uses medical marijuana to treat his high blood pressure and stress.

Defendant's criminal record contains felony convictions for two counts of second-degree robbery in 1994, second-degree robbery and evading a peace officer in 1998, and second-degree robbery in 1999. During one of two of Defendant's prior robberies in Antioch, the government

DETENTION ORDER
CR-11-0905 SBA-2                                              3

proffered that he personally used a firearm and struck a guard on the head. He was in custody from 1999 to 2006. Defendant has had his parole revoked four times, and he was on parole at the time of the instant offense.

Defendants' parents were present at the detention hearing, and were willing to sign an unsecured bond. They do not have cash or property to post; they live on Defendant's father's retirement benefits of $6,000 per month. They do not have criminal histories. Defendant's wife was also present at the hearing, and was willing to sign an unsecured bond and serve as a third-party custodian. She is employed and earns $3,800 per month. She does not have a criminal history. Defendant's cousin was also willing to sign an unsecured bond. He is employed and earns $1,000 to $2,000 a month; however, he has a long criminal history.

Defendant is currently under investigation for a series of robberies. Robberies were committed in December 2010 in Modesto, Tracy, and Fairfield. Defendant was incarcerated from December 2010 until July 2011. There were no similar robberies while he was in custody. Shortly after he was released, there was a similar set of robberies in Vallejo, Walnut Creek, Vacaville, Milpitas, and San Ramon.

The government proffered that Defendant previously escaped from custody. One of his parole revocations in 2010 was for absconding, when Defendant left the state without permission and went to Iowa. He served one month in custody for the violation. It should also be noted that there is an investigation pending regarding Defendant's involvement in a possible robbery in Iowa.

Defendant proffered that there are unusual circumstances in this case, because Defendant's father has kidney disease, and needs a new kidney. Defendant is willing to be a kidney donor to him. He is also willing to participate in a kidney donation program, where he would donate a kidney in order to put his father's name higher on the list. Defendant has two job offers, from an autocare business in Dixon and a delivery business in Vacaville. He is also planning to take classes at Solano Community College. Defendant further proffered that he would be willing to enter a substance abuse counseling program, which would be paid for under his wife's benefits.

DETENTION ORDER
CR-11-0905 SBA-2                                              4

As noted above, Defendant has multiple convictions for robberies similar to the instant offense, and he is under investigation for more robberies. This history shows that Defendant poses a danger to the community. The Court finds that there are no conditions of release that would mitigate this danger. Furthermore, Defendant's prior parole revocations, and the fact that he was on parole at the time of the instant offense, show that he is not amenable to supervision.

Although Defendant has family ties in this district and strong family support, and the circumstances of his father's health are unfortunate, these facts do not mitigate the risk of danger to the community if Defendant were to be released. If Defendant wishes to be released to donate a kidney to his father, the Court will consider releasing him into the Marshals' custody to do so, if possible. For the purposes of general pretrial release, the Court finds that there are no conditions of release that would reasonably assure the safety of the community.

### III. CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 3, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-11-0905 SBA-2                                   5